UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL PANELLA,

                                  **Plaintiff,**

                         v.                                                3:13-CV-869
                                                                          (FJS)

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

                                  **Defendant.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**LACHMAN & GORTON**                      **PETER A. GORTON, ESQ.**
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **DAVID L. BROWN, ESQ.**
**OFFICE OF REGIONAL**                       **DAVID B. MYERS, ESQ.**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Paul Panella brought this action pursuant to the Social Security Act, 42 U.S.C.

§§ 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. Nos. 1, 12. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 14.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") on May 7, 2010, alleging disability beginning on January 15, 2009. *See* Administrative Record ("AR") at 143-49. The Commissioner denied Plaintiff's application on July 6, 2010. *See id.* at 86-89. Plaintiff timely filed a written request for a hearing, which was held before Administrative Law Judge F. Patrick Flanagan ("ALJ"). *See id.* at 24, 91-93 . Attorney Peter Gorton represented Plaintiff at the hearing. *See id.* at 24. After the hearing, the ALJ supplemented the record with interrogatory responses from non-examining medical expert, Dr. Plotz. *See id.* at 453-61. Plaintiff then requested, and appeared at, a supplemental hearing on November 17, 2011, where Plaintiff's attorney cross-examined Dr. Plotz. *See id.* at 49-83.

On January 18, 2012, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of all the evidence . . . ."

1) Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2013."
2) Plaintiff had not "engaged in substantial gainful activity since January 15, 2009, the alleged onset date."
3) Plaintiff "has had the following severe impairments: human immunodeficiency virus (HIV) and hepatitis C."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b)."

6) Plaintiff "is capable of performing past relevant work as a metal lab quality control tester. This work does not require the performance of work related activities precluded by [Plaintiff's] residual functional capacity."
7) Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 15, 2009, through the date of this decision."

*See* AR at 10-16 (citations omitted).

The ALJ's decision became the Commissioner's final decision on June 26, 2013, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-4. Plaintiff then commenced this action on July 23, 2013, filing a supporting brief on March 17, 2014. *See* Dkt Nos. 1, 12. Defendant filed a response brief on May 1, 2014. *See* Dkt. No. 14.

In support of his motion, Plaintiff advances the following arguments. First, Plaintiff argues that there was not substantial evidence to support the ALJ's finding that his impairments did not meet or medically equal the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 14.08(H). Second, Plaintiff further argues that the ALJ erroneously failed to address certain testimony of lay third parties and that he improperly weighed medical source opinions and Plaintiff's credibility. As a result of these legal errors, Plaintiff argues, there was not substantial evidence to support the ALJ's finding with respect to his residual functional capacity ("RFC"). *See generally* Dkt. No. 12, Pl.'s Br.

### III. DISCUSSION

**A. Standard of review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'" *Cohen v. Comm'r of Soc. Sec.*, __ F. App'x __, 2016 WL 1055351, *1 (2d Cir. Mar. 17, 2016) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if he cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all of your medically determinable impairments of which we are aware," even if they are not severe. 20 C.F.R. § 416.945(a)(2). The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC. 20 C.F.R. § 416.945(a)(3).

**B. ALJ's step-three finding**

Listing 14.08 describes human immunodeficiency virus ("HIV"). In order to meet this listing, a claimant must show "documentation as described in [Listing] 14.00F and one of the following . . . ." Listing 14.08. In this case, there is no dispute that Plaintiff produced sufficient documentation to establish his HIV infection. Thus, Plaintiff argues that he meets Listing 14.08(H), which requires a claimant to prove that he has

> HIV wasting syndrome, characterized by involuntary weight loss of 10 percent or more of baseline (computed based on pounds, kilograms, or body mass index (BMI) or other significant involuntary weight loss as described in [Listing] 14.00F5, and in the absence of a concurrent illness that could explain the findings. With either:
>
> 1. Chronic diarrhea with two or more loose stools daily lasting for 1 month or longer; or

> 2. Chronic weakness and documented fever greater than 38°C (100.4°F) for the
>    majority of 1 month or longer.

Listing 14.08(H). "For purposes of [Listing] 14.08H, an involuntary weight loss of at least 10 percent of baseline is always considered 'significant.' Loss of less than 10 percent may or may not be significant, depending on the individual's baseline weight and body habitus." Listing 14.00(F)(5). It is the claimant's burden to show that his impairment or combination of impairments meets "'*all* of the specified medical criteria'" in the Listing. *Lamond v. Astrue*, 440 F. App'x 17, 20 (2d Cir. 2011) (quoting *Sullivan v. Zebly*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (emphasis in original)); *see also* 20 C.F.R. § 404.1525(c)(3).

In this case, the ALJ found that "[t]he clinical and laboratory studies do not approach any of the requisite levels of any of the Listing of Impairments." *See* AR at 13. Although Plaintiff argues that this amounts to a "wholly conclusory," and therefore erroneous, determination, the record supports the ALJ's finding. Plaintiff's medical records show that he did lose approximately 10 percent of his body weight from 2004 to 2010, dropping from a high of 160 pounds on December 2, 2004, to a low of 142 pounds on April 22, 2010. *See* AR at 286, 489. Additionally, however, the ALJ noted that Plaintiff gained weight after he stopped drinking— from 142 pounds on April 22, 2010, to 150 pounds on April 11, 2011, to 155 pounds on August 11, 2011. *See id.* at 14 (citing AR at 286, 466, 475).

Although Plaintiff arguably met the weight-loss criterion of Listing 14.08(H), the Court is satisfied, after reviewing the record, that Plaintiff did not meet either one of the subsections that is further required in order to meet Listing 14.08(H). Plaintiff reported in November of 2011 that he had diarrhea "nonstop on a daily basis" for "the last couple of months." *See* AR at 266. However, as the ALJ noted, no medical source documented diarrhea to the extent described in the listing. Furthermore, because the Court finds that the ALJ properly found Plaintiff's

subjective statements regarding his symptoms to be less than fully credible, *see infra* Part. III.D., the Court finds Plaintiff's reliance on his self-report in support of this argument to be unpersuasive.

Additionally, although the evidence arguably supports a finding that Plaintiff suffered from chronic weakness as required by Listing 14.08(H), the record does not contain documentation of a fever greater than 38°C or 100.4°F lasting for the majority of 1 month or longer. For these reasons, the Court finds that Plaintiff failed to carry his burden to show that he met "'*all* of the specified medical criteria'" in the Listing. *Lamond*, 440 F. App'x at 20 (quotation omitted).

Thus, the Court finds that any error the ALJ made by failing to note Plaintiff's weight loss was harmless. *See Karpova v. Snow*, 497 F.3d 262, 269 (2d Cir. 2007) (stating that remand is required "'*only* where there is a significant chance that but for the error, the agency might have reached a different result'" (quotation omitted)). Accordingly, the Court finds that that substantial evidence supports the ALJ's finding with respect to step three of the disability analysis. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (instructing that "'ALJ's failure to cite specific evidence does not indicate that such evidence was not considered'" (quotation omitted)).

## C. ALJ's weighing of medical source opinions

During the disability analysis, the ALJ "will always consider the medical opinions" in the record together with other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments" about a claimant's impairments and their effects. 20 C.F.R. § 404.1527(a)(2).

Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. § 404.1513(a).

Generally, the ALJ will consider the following factors in deciding what weight to afford the opinion of an acceptable medical source: whether the source examined the claimant; how well the source explains his or her opinion with relevant evidence; how consistent the opinion is with the record as a whole; whether the source is a specialist in the area of his or her opinion; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c)(1)-(6). These factors also apply where, as here, the ALJ asks for and considers an opinion from a medical expert with respect to whether the claimant's impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1527(e)(2)(iii). Additionally, the opinions of non-examining sources may "override treating sources' opinions, provided they are supported by evidence in the record." *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (citations omitted).

The Commissioner has also instructed that an ALJ may use evidence from medical sources other than "acceptable medical sources," including nurse practitioners, to provide insight into the severity of impairments and their limiting effects. *See* Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, *2 (Aug. 9, 2006). Such opinions are "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at *3. Nonetheless, "[t]he fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not . . . ." *Id.* at *5.

In this case, Plaintiff principally argues that the ALJ erred in his weighing of the opinions of Dr. Plotz and Nurse Practicioner ("NP") Karp. In particular, Plaintiff argues that NP Karp's opinion was due more weight because she was his regular care provider, whereas, he argues, Dr. Plotz's opinion was due less weight because of his non-examining status. *See* Dkt. No. 12, Pl.'s Br., at 15-19. With respect to NP Karp, the ALJ afforded her opinion "very little weight," noting that she was not an acceptable medical source. *See* AR at 15. Instead, the ALJ afforded "much more weight" to Dr. Plotz's opinion. *See id.* In doing so, the ALJ noted that Dr. Plotz is a board certified internist. *See id.* Additionally, in affording greater weight to one opinion over the other, the ALJ noted that he considered the treatment notes, which suggests that he considered each opinion's consistency with the record as a whole. *See id.* Indeed, the ALJ noted that "there is no 'acceptable source' opinion in the record to suggest disability." *See id.* Thus, the Court finds that the ALJ applied the appropriate legal standards in weighing these opinions. *See* 20 C.F.R. § 404.1527(c); SSR 06-03p, 2006 WL 2329939, at *5. For this reason, the Court declines to disturb the Commissioner's weighing of the conflicting evidence in this case. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).[1]

---

[1] Furthermore, to the extent that Plaintiff argues that the ALJ erred by not expressly asserting in his written decision how much weight he afforded the opinions of medical consultant, Dr. Kamin, and psychiatric consultant, Dr. Noia, the Court finds these arguments to be without merit. Although Plaintiff is correct that the ALJ did not expressly discuss the weight he afforded these opinions, his written decision did discuss each opinion. *See* AR at 15. In particular, the ALJ noted Dr. Noia's opinion that Plaintiff could perform some simple and complex tasks, could maintain attention and concentration, maintain a schedule and learn new tasks. *See id.* He further noted Dr. Kamin's opinion that Plaintiff could perform the full range of simple tasks. The ALJ then concluded that Plaintiff's depression was non-severe. In this situation the Court can "'glean the ALJ's rationale'" where he clearly was following the opinions of these two medical sources. *See Cichocki v. Astrue*, No. 11-CV-755S, 2012 WL 3096428, *7 (W.D.N.Y. July 30, 2012) (quotation omitted).

**D. ALJ's credibility assessment**

"'It is the function of the [Commissioner], not [a reviewing court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quotation omitted). When a claimant makes subjective allegations of symptoms limiting his ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); . . . Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry.

*Meadors*, 370 F. App'x at 183 (citations and footnote omitted).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. *See* AR at 14. He then found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. *See id.* He supported this finding by noting that Plaintiff was solely responsible for the care of his four-month-old granddaughter for 16 hours per day, an

activity which can be "demanding both physically and emotionally." *See id.* In addition, the ALJ noted that Plaintiff received state unemployment benefits for 99 weeks and that he testified that he informed the unemployment board that he was ready, willing, and able to work when in fact he was not. *See id.* at 15. The ALJ further pointed to injuries from a motor bike accident in June 2011 as inconsistent with the extensive limitations about which Plaintiff testified. *See id.* Accordingly, the Court finds that the ALJ sufficiently analyzed Plaintiff's subjective allegations to the extent that they were not substantiated by objective medical evidence.[2] *See Meadors*, 370 F. App'x at 183.

In summary, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in his favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Accordingly, the Court finds that the ALJ applied the appropriate legal standards with respect to opinion evidence and credibility and further that there is substantial evidence supporting his finding with respect to step three of the disability analysis and Plaintiff's RFC.[3] *See Richardson*, 402 U.S. at 401.

---

[2] Moreover, to the extent that Plaintiff argues that the ALJ erred by not discussing in his written decision the testimony of Plaintiff's family members and others concerning his physical limitations, the Court finds this argument to be without merit. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (instructing that ALJ need not discuss every piece of evidence submitted).

[3] To the extent that Plaintiff argues that there was not substantial evidence to support the ALJ's RFC analysis, the Court has considered Plaintiff's arguments and finds them to be without merit. For example, Plaintiff argues that Dr. Plotz was of the opinion that Plaintiff's record indicated impairment in concentration, persistence, and pace, and that the ALJ erred by failing to credit such opinion. *See* Dkt. No. 12, Pl.'s Br., at 21. At the supplemental hearing, Dr. Plotz testified that Plaintiff had "many of these things" in response to a question by Plaintiff's attorney listing some thirteen symptoms. However, de did not specify further. *See* AR at 63. This is precisely the type of difference in interpreting the evidence which is insufficient to compel this Court to overturn the ALJ's decision. *See Bonet*, 523 F. App'x at 59.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 12, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2016
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge